IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DUSTIN HYRUM LANE, | ) |
| | ) |
| Plaintiff, | ) Civil No. 24-870 |
| | )   Judge Marilyn J. Horan/ |
| v. | )   Magistrate Judge Patricia L. Dodge |
| | ) |
| BETH BOOKER, ABIGAIL CONKLIN | ) |
| JOYCE A. HATFIELD-WISE, ESQ., and | ) |
| KEVIN ROWAN, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Dustin Hyrum Lane's filing of, "Appeal to Reconsider Fourth Amendment Violations" following this Court's May 12, 2025 Memorandum Order, ECF No. 53, which adopted the Magistrate Judge's March 14, 2025 Report and Recommendation (ECF No. 45) as the Opinion of the Court, and dismissed this case.

A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). "Mere dissatisfaction with a court's ruling is not a proper basis for reconsideration." *Prusky v. Phoenix Life Ins. Co.*, 2003 WL 22597610, *2 (E.D. Pa. Nov 04, 2003), citing *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D.Pa.1993). "Motions for reconsideration are not to be used to reargue or relitigate matters already decided." *Haymond v. Lundy*, 205 F.Supp.2d 390, 395 (E.D. Pa. 2002).

Mr. Lane has not met the standard for reconsideration in that he has not shown any need to correct a clear error of law or fact, any need to prevent manifest injustice, any intervening change in law, or any newly discovered evidence. Mr. Lane asserts that reconsideration is warranted, because, although the defendants claim immunity under Pennsylvania State law (18 Pa. Cons. Stat. § 6318), such state law cannot provide them with immunity against Mr. Lane's federal Fourth Amendment claims.[1] Mr. Lane is rearguing the issue of Defendants' immunity; specifically, immunity pursuant to 18 Pa. Cons. Stat. § 6318. The CYS Defendants argued that they were entitled to (i) absolute immunity, and (ii) qualified immunity pursuant to 18 Pa. Cons. Stat. § 6318(1) & (2). Br. Supp. at 5-6 (ECF No. 24). In Mr. Lane's opposition brief, he challenged the Defendants' ability to benefit from either absolute immunity or qualified immunity. Br. Opp. at 1-2 (ECF No. 32). As such, the issues raised by Mr. Lane in the Motion were fully briefed and decided. The Court therefore concludes that Mr. Lane's Appeal to Reconsider Fourth Amendment Violations, Motion for Reconsideration is an improper attempt "to reargue or relitigate matters already decided." *Haymond*, 205 F.Supp.2d at 395. Accordingly, the Appeal will be denied.

---

[1] The Child Protective Services Law states that a person or agency employee that acts "in good faith shall have immunity from civil and criminal liability" for "[m]aking a report of suspected child abuse or making a referral for general protective services or referring "a report of suspected child abuse for general protective services to law enforcement authorities." 23 Pa. Cons. Stat. §6318 (a)(1) and (b).

2

AND NOW, this 11th day of June 2025, it is hereby ORDERED that Dustin Hyrum Lane's Appeal to Reconsider Fourth Amendment Violations, ECF No. 53, is DENIED.

       s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge

Dustin Hyrum Lane, pro se
9921441
GREENE COUNTY JAIL
855 ROLLING MEADOWS ROAD
WAYNESBURG, PA 15370